IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 SEP -10 P 2: 28
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CASE NO. 3:10-CV-813-J-20TEM

TERRI SUTTON,

    Plaintiff,

v.

FREDERICK J. HANNA & ASSOCIATES, P.C.
and MRC RECEIVABLES CORPORATION,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, TERRI SUTTON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendants, ("Defendants") are companies who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, FREDERICK J. HANNA & ASSOCIATES, P.C. ("HANNA") is a professional Corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Defendant, FREDERICK J. HANNA & ASSOCIATES, P.C., is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, MRC RECEIVABLES CORPORATION ("MRC"), is a corporation who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

10. Defendant, MRC RECEIVABLES CORPORATION, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendants.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than HANNA, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13. HANNA uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. MRC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. MRC acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. MRC is thoroughly enmeshed in the debt collection business, and MRC is a significant participant in HANNA's debt collection process.

17. Defendants never notified Plaintiff, whether orally or in writing, of her rights pursuant to section 1692g of the Fair Debt Collection Practices Act.

18. Plaintiff was never sent any notice from either Defendant regarding the debt at issue, and the first time she became aware of the debt was when her employer was contacted in connection with an attempted garnishment of her wages.

19. Defendants attempted to garnish Plaintiff's wages without providing prior notice to Plaintiff or serving a Writ of Garnishment on her as required by Florida law.

20. Upon information and belief, if Defendants sent any notice and/or Writ of Garnishment to the Plaintiff they were sent to a Georgia address at which Plaintiff did not reside and had never resided.

21. Defendants failed to investigate the accuracy of the address that they had for the Plaintiff or to exercise any diligence in order to determine whether Plaintiff actually resided at the address to which they purportedly sent notice of the debt and/or a Writ of Garnishment.

22. Upon information and belief, the only information that Defendants possessed in regard to Plaintiff's address was an Accurint report, which inaccurately stated that Plaintiff lived at the aforementioned Georgia address until April of 2006.

23. Even if Plaintiff did live at the Georgia address through April 2006, which she did not, Defendants exercised no diligence and had no reason to believe that she still lived there when they allegedly attempted to send Plaintiff notice of the debt and/or a Writ of Garnishment.

24. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24.

26. Defendants violated 15 U.S.C. § 1692g by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24.

28. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including garnishing or attempting to garnish Plaintiff's money without providing any notice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 30th day of August, 2010.

Respectfully submitted,
TERRI SUTTON

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com